UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────

LOUIS YOURDON,                                        01-CV-0812E(Sc)

                    Plaintiff,

          -v-

                                                     MEMORANDUM
PAROLE COMMISSIONER JOHNSON,
PAROLE COMMISSIONER W. SMITH,                               and
GEORGE PATAKI and
BRION TRAVIS,                                            ORDER[1]

                    Defendants.

─────────────────────────────────────

## INTRODUCTION

          Plaintiff, Louis J. Yourdon, an inmate at Orleans Correctional Facility, commenced

this *pro se* action pursuant 42 U.S.C. §1983 on November 15, 2001 (Dkt. #1).  Plaintiff

claims that defendants violated his constitutional rights at his parole hearing and in

denying him parole.  Upon initial review, the Court dismissed the action *sua sponte* on

December 3, 2001 stating that (1) because plaintiff's constitutional challenge of his

parole denial is a determination which affects the overall length of his imprisonment, the

sole federal remedy is a writ of habeas corpus, (2) plaintiff may not circumvent the

exhaustion prerequisites for habeas corpus relief by suing under 42 U.S.C. §1983 and (3)

plaintiff has no protected liberty interest in parole (Dkt. #2).

          Plaintiff appealed to the Second Circuit Court of Appeals, which vacated the

judgment of dismissal and remanded the matter for reconsideration in light of the

───────────────────

[1]This decision may be cited in whole or in any part.

Supreme Court's recent ruling in *Wilkinson* v. *Dotson* [2], to determine whether defendants were served with process, and to reconsider whether defendants are entitled to immunity (Dkt. #5). [3]

The Court thereafter issued an Order directing service on the defendants and directing that they respond to the complaint and the issues raised in the Summary Order of the Second Circuit (Dkt. #6).  On November 18, 2005 (after an extension of time to respond was granted), the defendants filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.Cv.P.") (Dkt. #8) arguing that (1) plaintiff failed to show that a constitutional violation occurred because a teleconference interview instead of a personal interview did not deprive plaintiff of a right, privilege or immunity secured by the Constitution, (2) the parole commissioners are entitled to absolute immunity, (3) Governor Pataki was not personally involved and (4) all defendants are entitled to qualified immunity as to plaintiff's due process claim.  The plaintiff having filed no response, the matter was deemed submitted on January 20, 2006. [4]

---

[2]  544 U.S. 74, 125 S. Ct. 1242 (2005) (Ruling that a state prisoner who challenges the constitutionality of the state parole procedures is not limited to habeas relief and may instead bring a claim under 42 U.S.C. §1983 for declaratory and injunctive relief "where success in the action *would not necessarily* spell immediate or speedier release for the prisoner").

[3]  Other than referring to it as "inter alia", the Second Circuit Court made no mention of the Court's finding that plaintiff had no protected liberty interest in parole.

[4]  On June 20, 2006, plaintiff sent the Court a letter which he did not file or indicate that it was in response to the defendant's motion.  In it, however, he argues that his parole hearing was "statutorily deficient".  Plaintiff states that in May, 2006, he asked (in writing) a Senior Facility Parole Officer if he had a copy of his Sentencing Minutes.  The May 30, 2006 response from that officer indicated that he did not possess the sentencing minutes from any of the three separate convictions under which plaintiff was serving terms.  From this, although it is difficult to decipher, the Court construes that plaintiff is making the following assumptions: (1)the sentencing minutes were not delivered to the correctional facility as required by statute; (2) the
(continued...)

## **DISCUSSION**

The complaint herein is comprised of two causes of action against the defendants, brought against them individually and in their official capacities.  The first cause of action alleges that on December 6, 2006 (the date of the parole hearing), the defendants violated his due process rights by conducting his parole hearing according to a policy that allows video-teleconferencing (as plaintiff describes it: "techno-screen" interview policy) rather than in-person interview.  Specifically, the complaint states that "[t]he hearsay conversation on the technoscreen, pre-cluded [sic] due process from being accorded."  The second cause of action alleges violations of the 8th Amendment of the U.S. Constitution occurring on December 8, 2000 (the date that parole was denied), stating that "the new Parole Board policy $_{***}$ concerning sex offenders, inflicted cruel and unusual punishment upon the plaintiff."  In this regard, although difficult to decipher, the Court construes that plaintiff claims defendants abused their discretion by considering erroneous and irrelevant factors in denying him parole, either in violation of New York State Executive Law and/or in implementing policies which do not comport with that law.  Despite plaintiff's terminology, at best, this is also a due process claim. *See McPherson* v. *Coombe,* 174 F.3d 276, 280 (2d Cir. 1999)("district court's should read

---

[4](...continued)
NYS Division of Parole violated policy and procedure by not obtaining a copy of the sentencing minutes for placement in plaintiffs parole file folder and (3) the parole board did not consider the sentencing minutes when it denied him parole in 2000.  Despite the fact that these assumptions may not reasonably be drawn from the facts presented even when construed liberally, they in no way resemble any claims or facts contained in the complaint also as construed liberally. Therefore, they shall not be considered herein.

the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments they suggest") (internal quotations omitted).

When considering a motion to dismiss pursuant to F.R.Cv.P. 12(b)(6), the Court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps* v. *Kapnolas*, 308 F.3d 180 (2d Cir. 2002). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on his claims but must "assess the legal feasibility of the complaint." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). In light of plaintiff's *pro se* status, the Court has construed his pleadings liberally. *See Hughes* v. *Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980)(per curiam); *Haines* v. *Kerner*, 404 U.S. 519, 520-21, 92 S.Ct.594, 595 (1972).

Defendants argue that, although the effect of *Wilkinson* now allows 42 U.S.C. §1983 to be used to challenge the constitutionality of state parole procedures, the allegations in the complaint fail to implicate a constitutional right, as plaintiff has no constitutionally protected interest in parole in New York State.

The plaintiffs in *Wilkinson* were state prisoners in Ohio seeking declaratory and injunctive relief claiming that Ohio's state parole procedures were unconstitutional. The Supreme Court's ruling therein was narrow in that it only allowed a state prisoner who challenges the constitutionality of the state parole procedures to bring a claim under 42 U.S.C. §1983 for declaratory and injunctive relief "where success in the action *would not*

- 4 -

*necessarily* spell immediate or speedier release for the prisoner" and did not create or comment on any constitutional entitlements relating to parole. *Wilkinson, supra,* 544 U.S. at 81 - 82, 125 S.Ct. at 1248.

Clearly, *Wilkinson* did not address whether discretionary parole in New York imparts a constitutional liberty interest in an inmate within the New York State Corrections System thereby entitling him to due process under the United States Constitution.[5]  The Court herein finds that plaintiff's complaint fails to state a due process claim[6] because plaintiff has no liberty interest in parole and no constitutional due process rights in the parole process in New York.

The law in New York State is clear that there is no due process right or protected liberty interest in parole.  *Russo* v. *New York State Board of Parole,* 50 N.Y.2d 69, 73 (1980).  New York has given no guarantee or expectation to an incarcerated individual that he will be considered for parole at any particular time.  *Ibid.*  Further, the fact that "guidelines are provided does not mean they cannot be deviated from or [that they] create an entitlement to release at any particular time; the system is thus discretionary and holds out no more than the possibility of parole", hence there is "no protected liberty

---

[5]  *Wilkinson* did not even address the question of whether the Ohio prisoners had a liberty interest in parole in Ohio.  These issues are currently pending on remand before the District Court for the Northern District of Ohio, *See Dotson v. Wilkinson*, 448 F.3d 936 (6th Cir. 05/25/06), the result thereof will be irrelevant herein.  Further, this Court is mindful of the dissent in *Wilkinson* where Justice Kennedy states that "Parole systems no doubt have variations from State to State.  It is within the special province and expertise of the state courts to address challenges to their own state parole determinations in the first instance, particularly because many challenges raise state procedural questions." 544 U.S. at 92, 125 S.Ct. at 1254.

[6] Defendants' motion references the due process allegations only as they relate to the use of teleconferencing instead of in-person interviews.  This Court's findings encompass this, as well as the due process implications in the complaint regarding the "hearsay conversation on the technoscreen" and the use of the "new Parole Board Policy" concerning sex offenders.

interest which would implicate the due process guarantee". *Ibid.* ; *see also Marvin* v. *Goord,* 255 F.3d 40, 44 (2d Cir. 2001) (affirming the district court's [W.D.N.Y., Elfvin, J.] dismissal of plaintiff's due process claim challenging a parole process on the ground that New York State's parole scheme does not create a protectable liberty interest); *Barna* v. *Travis,* 239 F.3d 169, 171 (2d Cir. 2001) ("plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable").

Construing that portion of plaintiff's complaint that alleges he was unfairly subject to a teleconference interview in place of the 'required' in person interview as one alleging a violation of the Equal Protection Clause (*see, McPherson, supra*) likewise does not create a claim upon which relief can be granted. The use of teleconference interview technology in place of personal interviews at parole hearings is neither irrational nor arbitrary and does not give rise to an Equal Protection Claim. *Boddie* v. *NYS Div. of Parole*, 288 F.Supp.2d 431, 441 (S.D.N.Y. 2003).

So, if the allegations in the complaint are not ones that implicate due process or Equal Protection rights, then what is the nature of the claims and do they implicate any federal rights? The core of plaintiff's allegations are that the parole board arbitrarily failed to follow their own state procedural standards or that the new state procedural standards with respect to sex offenders were unfair. While this may be brought as a New York CPLR (Civil Practice Law and Rules) Article 78 proceeding [7], it certainly does

---

[7] Should the Court be required to rule on an Article 78 claim, *Matter of Mack* v. *Travis*, 283 A.D.2d 700 (3rd Dept. 2001) and *Matter of Vanier* v. *Travis* (274 A.D.2d 797 (3rd Dept. 2000)), both of which were CPLR Article 78 proceedings, are instructive on the teleconferencing issue. Both held that the use of teleconferencing is consistent with the statutory requirement that petitioner be personally interviewed.

not implicate federal law.  *See Pennhurst State School & Hosp.l* v. *Halderman,* 465 U.S. 89, 91, 106 (1984)("A federal court's grant of [injunctive] relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law $_{* * *}$ it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.  Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."); *Sweeton* v. *Brown*, 27 F.3d 1162, 1166 (6th Cir.1994) ("That Michigan parole authorities arbitrarily failed to follow their own state procedural standards could constitute a violation of state law but not federal law.").

Because the complaint fails to state a claim upon which relief can be granted, the Court need not address the merits of the defenses relating to immunity or personal involvement.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Dkt. #8) is hereby **GRANTED**.  The Clerk of the Court is hereby directed to take all necessary steps to close this case.

DATED:      Buffalo, N.Y.

September 27, 2006

_____
*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.